*E-Filed 8/27/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CAMERON NEIL WHITLOCK,

    Petitioner,

  v.

BEN CURRY, Warden,

    Respondent.

No. C 09-5409 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. Respondent's motion to dismiss the petition on grounds that petitioner did not exhaust his federal due process claims (Docket No. 8) is GRANTED, and the petition is DISMISSED.

## DISCUSSION

Respondent contends that petitioner failed to exhaust, or fairly present, his federal due process claims, having exhausted only his state due process claims. (Respondent's Mot. to Dismiss at 2.) The instant petition presents only federal due process claims.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state

judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. *See Picard v. Connor*, 404 U.S. 270, 277 (1971). State courts must be alerted to the fact that prisoners are asserting claims under the United States Constitution in order to be given the opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995).

Turning to the instant matter, a review of petitioner's state habeas petition to the California Supreme Court petition shows that petitioner presented only state due process claims, and not any federal due process claims. That state petition, then, failed to alert the state supreme court of petitioner's federal constitutional claims, thereby failing to give that court an opportunity to correct alleged violations of those federal rights. Consequently, the claims presented in the instant federal petition are unexhausted, and the petition must be dismissed. *See Rose*, 455 U.S. at 510. Accordingly, respondent's motion to dismiss (Docket No. 8) is GRANTED, and the petition is DISMISSED without prejudice to petitioner exhausting his federal claims and refiling those exhausted claims in federal court.

The Clerk shall terminate the pending motion, enter judgment in favor of respondent, and close the file. This order terminates Docket No. 8.

**IT IS SO ORDERED**.

DATED: August 27, 2010

_____
RICHARD SEEBORG
United States District Judge